IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MANIBHADRA, INC.,

        Plaintiff,

v.                                              Case No. 14-4112-SAC

ASPEN INSURANCE UK LTD,

        Defendant.

MEMORANDUM AND ORDER

This case comes before the Court on Plaintiff's motion to remand. Plaintiff contends Defendant's removal is improper because it was untimely and the federal court lacks jurisdiction. The Court agrees that it lacks jurisdiction.

**Facts**

The facts are undisputed. Plaintiff filed its breach of insurance contract action in state court in September of 2014. That Petition seeks $19,425.00 in damages, plus attorney fees pursuant to K.S.A. §40-256. Defendant received a copy of the Petition and Summons on October 6, 2014, which was Defendant's first actual notice of the lawsuit. Defendant filed its Notice of Removal on November 5, 2014, within the thirty days thereafter. But Plaintiff had served the Kansas Insurance Commissioner with process in the same state case earlier, on October 2nd. If the 30-day clock started ticking

on that date, Defendant's removal was untimely. But the Court declines to reach the timeliness issue in light of its lack of jurisdiction.

**Amount in Controversy**

To remove a case based on diversity, the defendant must demonstrate that all of the prerequisites of diversity jurisdiction in 28 U.S.C. § 1332 are satisfied. *See Huffman v. Saul Holdings Ltd. Partnership*, 194 F.3d 1072, 1079 (10th Cir. 1999). A defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal "containing a short and plain statement of the grounds for removal." §1446(a). A defendant's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," but does not need to incorporate evidence supporting that allegation. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. __ , 2014 WL 7010692, (Dec.15, 2014) slip op. at p. 7. (*Dart*).[1]

Plaintiff contests Defendant's allegation that the amount in controversy exceeds $75,000, so contends diversity jurisdiction under 28 U.S.C. § 1332(a) is lacking. Where, as here, the plaintiff contests the defendant's allegation, "§1446(c)(2)(B) instructs:

> [R]emoval . . . is proper on the basis of an amount in controversy asserted" by the defendant "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" the jurisdictional threshold.

---

[1] Although *Dart* reversed any Tenth Circuit requirement that the amount in controversy be proved in the notice of removal itself, Plaintiff does not allege that this removal is deficient on that basis. Instead, Plaintiff contends that Defendant's evidentiary showing fails to meet its burden to prove the amount in controversy by a preponderance of the evidence.

*Dart,* slip op. at p. 6. "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart*, slip op. at p. 7.

The Supreme Court recently clarified the procedure when the plaintiff challenges the defendant's assertion of the amount in controversy.

> In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied. As the House Judiciary Committee Report on the JVCA observed:
> > "[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met. Discovery may be taken with regard to that question. In case of a dispute, the district court must make findings of jurisdictional fact to which the preponderance standard applies." H. R. Rep. No. 112–10, p. 16 (2011).

*Dart*, at p. 6.

In that respect, *Dart* does not change established Tenth Circuit law. "The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). When that amount is challenged, the party alleging federal jurisdiction has the burden to prove by a preponderance of the evidence, facts sufficient to establish "that the amount in controversy may exceed $75,000." *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008); *See Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). Where "a state court complaint does not identify a specific amount that the plaintiff seeks to

3

recover," a "defendant must affirmatively establish jurisdiction by proving jurisdictional *facts* that [make] it possible that [in excess of] $75,000 [is] in play." *McPhail,* 529 F.3d at 955.

Facts establishing the amount in controversy for purposes of removal may be proved in various ways, including:

> by contentions, interrogatories or admissions in state court; by calculation from the complaint's allegations[;] by reference to the plaintiff's informal estimates or settlement demands[;] or by introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands.

*McPhail,* 529 F.3d at 954 (10th Cir. 2008) (quoting *Meridian Security Ins. Co. v. Sadowski,* 441 F.3d 536, 541-42 (7th Cir. 2006)). The defendant is thus entitled to present its own estimate of the stakes and is not bound by the plaintiff's estimate in the complaint.

### Plaintiff's Petition/Defendant's Evidence

Defendant's Notice of Removal asserts that the amount in controversy exceeds $75,000.00. Dk. 1, p. 1. But Plaintiff's Petition seeks only $19,425.00 in damages, plus attorney fees pursuant to K.S.A. §40-256. Defendant's sole evidentiary basis for alleging that the amount in controversy exceeds $75,000.00 is a demand letter that Plaintiff's counsel sent prior to suit, which states in relevant part:

> Your client's failure to pay the claim under the insurance policy allows for the recovery of attorney fees and expenses incurred in order to compel the insurance company's payment pursuant to K.S.A. 40-256. The attorney fees and costs will easily exceed the damages my client has incurred should this matter proceed to litigation.

4

Dk. 1, Exh. B, p. 4. *See* K.S.A. § 40-256 (permitting attorney's fee where judgment is rendered against an insurance company which refuses without just cause to pay the full amount of the insured loss). Defendant thus seeks to prove the amount in controversy by reference to the plaintiff's informal estimates or settlement demands – an appropriate means of proof. *See McPhail*, 529 F.3d at 954.

But attorney fees "easily exceeding" the amount of $19,425.00 (the damages plaintiff seeks) could range from $19,426.00 to $55,000 without reaching the jurisdictional minimum. Defendant has not shown that a recovery of attorneys' fees in the amount of $55,575.00 - more than twice the amount of damages - is reasonably possible in this breach of contract case. And mere speculation does not suffice. *See Tafoya v. American Family Mut. Ins. Co.*, 2009 WL 211661, 2 (D.Colo. 2009) ("[T]he mere fact that attorney's fees might be awarded to the Plaintiffs does not establish that the fees claimed … would exceed $ 75,000. Given that the case is in its infancy, one would have to engage in sheer speculation to determine the amount of fees that might ultimately be awarded on the present record.")

Defendant has not tendered an affidavit from its own expert as to the probable costs of litigation and amount of attorney's fees that could reasonably be expected to be awarded in a breach of insurance contract case of this type that is litigated to judgment. *See McPhail*, 529 F.3d at 954. Nor

has Defendant proffered any other evidence sufficient to meet its burden. Permitting discovery or further evidentiary submissions would thus be futile.

Accordingly, Defendant fails to show by a preponderance of the evidence that the jurisdictional amount is plausibly met. *See Khalil v. Dwyer Group, Inc.,* 2011 WL 6140531, 2 (D.Kan. 2011) (remanding where Defendants offered no evidence indicating the monetary value of any of Plaintiff's claims, including attorneys' fees); *Havens Protected "C" Clamps, Inc. v. Pilkington PLC*, 2000 WL 382027, 5 (D.Kan. 2000) (remanding because "[A]lthough the court can certainly expect that the amount of attorneys' fees … will bring the value … closer to the $75,000 jurisdictional threshold, absent any facts to indicate what the value of attorneys' fees … may be, the court simply cannot assume that the sum will be sufficient to satisfy the jurisdictional amount.") *Compare Dudley-Barton v. Service Corp. Intern.,* 2011 WL 1321955 (D.Colo. 2011) (remanding where Defendants offered no evidence or estimates for the amount of fees, since the Court "cannot be left to speculate as to potential damages, fees, or costs when no evidence is before it.") *with Dantinne v. Abbott Laboratories, Inc.,* 2009 WL 2843274 (D.Colo. 2009) (denying motion to remand where Defendant "offered a reasonable, conservative estimate of the possible fees, which plaintiff [did] not disclaim"). Because the Court lacks original jurisdiction, removal was improper and this case must be remanded to state court. *See* 28 U.S.C. § 1441(a).

**Costs**

Plaintiff requests an award of attorneys' fees and costs incurred as a result of removal, pursuant to 28 USA § 1447(c), contending Defendant lacked objectively reasonable grounds to believe that removal was proper. That statute permits the Court to assess costs in its discretion, stating:

> An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

28 U.S.C. § 1447(c). "No showing of bad faith is necessary to justify the award," *Topeka Housing Authority v. Johnson*, 404 F.3d 1245, 1248 (10th Cir. 2005), only "a showing that the removal was improper *ab initio*." *Baby C v. Price*, 138 Fed.Appx. 81, 84 (10th Cir. 2005), quoting *Suder v. Blue Circle, Inc.*, 116 F.3d 1351, 1352 (10th Cir. 1997). "The decision whether to award attorney fees is discretionary." *Noel v. Pizza Hut, Inc.*, 1991 WL 192117, at *3 (D.Kan. 1991).

The Court agrees that this case was improvidently removed and finds that Defendant failed to raise an arguable question regarding the amount in controversy. Accordingly, in the exercise of its discretion, the Court awards the Plaintiff its costs and reasonable attorney's fees incurred as a result of the removal.

The parties shall confer about the amount of Plaintiff's costs and reasonable attorney's fees and in the event no agreement can be reached,

shall notify the Court. The Court shall retain jurisdiction as necessary to resolve the matter of costs and fees.

IT IS THEREFORE ORDERED that Plaintiff's motion to remand is granted.

Dated this 17th day of December, 2014, at Topeka, Kansas.


s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge