IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MANIBHADRA, INC.,

        Plaintiff,

v.                                         Case No. 14-4112-SAC

ASPEN INSURANCE UK LTD,

        Defendant.

MEMORANDUM AND ORDER

This case comes before the court on Defendant's motion to vacate the award of attorneys' fees granted to Plaintiff by the Court for Defendant's improvident removal of this case. Plaintiff opposes the motion.

Defendant's motion does not state its statutory or other authority, but alleges it is based on "new information which was not available" at the time of removal. That new information is a motion Plaintiff filed in the state case, post-remand, for Defendant to post a surety bond in the amount of $60,000, which amount Plaintiff represented was sufficient to secure the payment of any final judgment in the action.

Defendant's motion is untimely if brought as a motion to reconsider the Court's December 17, 2014 order awarding reasonable attorneys' fees to the Plaintiff, see D. Kan. Rule 7.3 (establishing a 14-day limit for reconsideration of non-dispositive orders), or as a Rule 59(e) motion

challenging the Court's December 17, 2014 finding that the case had been improvidently removed (establishing a 28 day limit to alter or amend a dispositive judgment). Defendant's motion may, however, be authorized pursuant to Rule 60(b)(2)[1] since it was filed within a year of the order, if Defendant shows "newly discovered evidence that, with reasonable diligence, could not have been discovered" within 28 days after the entry of judgment. *See* Rule 59(b).

"[T]he propriety of removal is judged on the complaint as it stands at the time of the removal. *Pullman Co. v. Jenkins,* 305 U.S. 534, 537, 59 S.Ct. 347, 349, 83 L.Ed. 334 (1939)." *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488-1489 (10th Cir. 1991). So "[t]he court determines the amount in controversy as of the date of the removal." *Holstein Supply, Inc. v. Murphy*, 2014 WL 7407516, 2 (D.Kan. 2014) (citing *Lonnquist v. J.C. Penney Co.,* 421 F.2d 597, 599 (10th Cir. 1970)). This key distinction is overlooked in Defendant's motion pursuant to Rule 60(b)(2), which provides relief when the movant presents newly discovered evidence that could not have been discovered before the court's order and that is relevant to the merits of the challenged order. *See generally, Harris v. Illinois-California Exp., Inc.*, 687 F.2d 1361, 1375 (10th Cir. 1982) (finding "[t]he 'newly discovered evidence,' if relevant and material, was in existence many months prior to trial."). Even assuming, arguendo, that Plaintiff's motion may constitute

---

[1] Defendant's reply asserts this statutory basis for relief. *See* Dk. 18.

2

"evidence," within the meaning of Rule 60(b)(2), nothing in Plaintiff's motion for a surety bond, filed long after the time Defendant removed the case, tends to show that Defendant plausibly alleged the requisite amount in controversy at the time Defendant removed the case.

Even had Plaintiff's request for a bond in the amount of $60,000 been made before the case was removed, that amount would not have provided a plausible basis for removal since it fails to show an amount in controversy greater than $75,000. Defendant's motion shall therefore be denied. The Court finds it unnecessary to address Plaintiff's argument that Defendant waived any opposition to the Court's assessment of attorneys' fees.

Plaintiff's response includes a request for additional attorney fees in the amount of $300.00 for one and one-half hours of work, apparently incurred in responding to Defendant's motion to vacate. Defendant has replied to that response without challenging the reasonableness of that amount. The court finds that amount to be reasonable and appropriately awarded.

IT IS THEREFORE ORDERED that Defendant's motion to vacate the fee award (Dk. 16) is denied.

IT IS FURTHER ORDERED that Plaintiff is awarded additional fees in the amount of $300.00.

Dated this 10th day of March, 2015, at Topeka, Kansas.

                                    s/Sam A. Crow
                                    Sam A. Crow, U.S. District Senior Judge